# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **LINDA COMBS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-68 (HL) |
| **JOHN E. POTTER,** in his official capacity as Postmaster General of the UNITED STATES POSTAL SERVICE, **DONALD SNIPES,** in his individual capacity, and **CLYDE JACKSON,** in his individual capacity, | : | |
| Defendants. | : | |

_____

# **ORDER**

Before this Court is a Motion to Dismiss As to Individual Defendants (Doc. # 10), filed December 2, 2005, by Defendant John E. Potter ("Potter").[1]  For the reasons set forth below, Potter's Motion (Doc. # 10) is granted.

## I.   FACTS AND PROCEDURAL HISTORY

---

[1] The Court notes that neither Defendant in this case who has been sued in his individual capacity, Donald Snipes and Clyde Jackson, has filed an Answer, nor did they join in the filing of the pending Motion to Dismiss.  All three Defendants in this case are represented by the United States Attorney for the Middle District of Georgia.  The Court assumes that because the Government has consistently represented that Potter, in his official capacity, is the only proper Defendant in this case, the Answer and various Motions have been filed in his name only.  However, it is not for the parties to decide who is a proper party before the Court—that responsibility lies with the Court itself.  Accordingly, the Court will construe the present motion as having been filed by all three Defendants.

Plaintiff, Linda Combs ("Combs"), filed suit in this Court on June 27, 2005, seeking damages from three defendants—Potter, Donald Snipes ("Snipes") and Clyde Jackson ("Jackson"). Combs' lawsuit arises out of her employment with the United States Postal Service ("USPS"), for which she has worked since March of 2001. Despite her desire to serve as a mail carrier, a position for which she believes she is qualified, Combs alleges her supervisors, Snipes and Jackson, have refused to select her, and instead have assigned such positions to less qualified African-American employees.[2] Combs further accuses Snipes and Jackson of relying disingenuously on fabricated medical reasons for these decisions, which she alleges were actually the result of racial discrimination and an act of retaliation for her participation in prior protected activity. The Court presumes these facts are true for the purpose of deciding this motion to dismiss. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

The Complaint (Doc. # 1) includes seven counts: Count One alleges Potter, in his official capacity as Postmaster General of the USPS, violated Title VII of the Civil Rights Act of 1964 through retaliation (Compl. ¶¶ 24-28); Count Two alleges Potter, in his official capacity, violated Title VII of the Civil Rights Act of 1964 through race discrimination by creating a hostile work environment and not selecting Combs for various positions (Compl. ¶¶ 29-33); Count Three alleges Potter, in his official capacity, violated the Rehabilitation Act (Compl. ¶¶ 34-38); Count Four alleges Snipes and Jackson intentionally inflicted emotional distress

---

[2] Combs is a white female.

("IIED") on Combs (Compl. ¶¶ 39-43); Count Five alleges Snipes and Jackson engaged in tortious interference with Combs (Compl. ¶¶ 44-48); Count Six seeks to recover attorney's fees and costs from Snipes and Jackson, pursuant to O.C.G.A. § 13-6-11, based on allegations of their acting in bad faith and being stubbornly litigious (Compl. ¶¶ 49-51); and Count Seven seeks punitive damages from Snipes and Jackson, pursuant to O.C.G.A. § 51-12-5.1, based on allegations of their "intentional, willful, wanton and malicious conduct" (Compl. ¶¶ 52-54).

On December 2, 2005, Potter filed a Motion to Dismiss as to Individual Defendants (Doc. # 10). Potter argued that Title VII is the exclusive remedy for employment discrimination claims against the federal government, and since Title VII claims are inappropriate against individual defendants, the case should be dismissed as to Snipes and Jackson. In Combs' Response, filed December 27, 2005 (Doc. # 17), she contended her Complaint had clearly limited her Title VII claims to Potter in his official capacity, while the claims against Snipes and Jackson focused on their alleged violations of Georgia law in their individual capacities, and therefore Defendant's Motion to Dismiss was without merit. Combs also argued "defendant failed to provide any legal authority for dismissing from this lawsuit the two defendants named in their individual capacity for violations of Georgia law" (id. at 1-2) and noted "defendant's assertion in his motion that plaintiff's Complaint claimed a violation of the Federal Tort Claims Act [FTCA] is incorrect. . . . Plaintiff's Complaint made no such claim" (id. at 4). Potter's Reply (Doc. # 18), filed on January 17, 2006, seized on Combs' insistence that she had brought no claims pursuant to the FTCA and asserted that without using such a basis, Combs' claims against the individual defendants would be barred.

3

## II. STANDARD

A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

## III. ANALYSIS

### A. Counts Four and Five – IIED and Tortious Interference

The Supreme Court of the United States has held that Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. Gen. Servs. Admin., 425 U.S. 820, 829 (1976). Since this decision, various federal courts have held that Title VII's preemptive effect will not allow state law employment discrimination claims to stand. See, e.g., Mathis v. Henderson, 243 F.3d 446, 450-51 (8th Cir. 2001); Pfau v. Reed, 125 F.3d 927, 932-33 (5th Cir. 1997) ("[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim"), *vacated and remanded on other grounds*, 525 U.S. 801 (1998), *pertinent holding reinstated*, 167 F.3d 228, 229 (5th Cir. 1999); Mathirampuzha v.

Potter, 371 F. Supp. 2d 159, 162 n.1 (D. Conn. 2005) (collecting federal cases where courts have held that Title VII preempts state law employment discrimination claims brought by federal employees). However, as recognized by our sister court, "the Eleventh Circuit . . . has not addressed the issue of Title VII's preemptive reach over state law claims." Roland v. Potter, 366 F. Supp. 2d 1233, 1235 (S.D. Ga. 2005).

Weighing the persuasive effect of existing decisions, the Roland court recognized that some courts have closely examined whether the factual allegations giving rise to a plaintiff's claim went beyond the type of discrimination and retaliation Title VII is designed to remedy. Id. at 1236 (noting some courts have found claims of a "highly personal injury" would not be preempted by Title VII). However, in Roland, the court was not forced to decide whether to adopt this distinction, noting "[i]n the case at bar, Plaintiff asserts no facts to support her state law claim that are different from the facts that support her employment discrimination claim." Id. The court did, however, adopt the rationale of the United States Courts of Appeals for the Fifth and Eighth Circuits, finding the plaintiff's IIED claim was preempted by Title VII and dismissing it. Id.

Similarly, in the present case, Combs' state law claims simply allege that, as a result of the same actions she argues constitute violations of Title VII and the Rehabilitation Act, she has suffered emotional distress and tortious interference. (Compl. ¶¶ 41-42, 45, 47.) Indeed, this Court finds her IIED and tortious interference claims are "wholly derivative from the alleged conduct giving rise to [her] Title VII claims." See Chergosky v. Hodges, 975 F. Supp. 799, 801 (E.D.N.C. 1997). Furthermore, the Court finds the reasoning of the Fifth and Eighth Circuit

courts persuasive. See, e.g., Mathis, 243 F.3d 446 at 451 ("We are unwilling—and under Brown unable—to give plaintiff carte blanche to creatively plead as many state-law causes of action as she believes she may sustain against her supervisor, in addition to her Title VII claim, when, at bottom, her claim is for [discrimination] by a supervisor, for which the government already stands [potentially] liable under Title VII."). Accordingly, Title VII preempts Combs' claims of IIED and tortious interference[3] against Snipes and Jackson in their individual capacities. Counts Four and Five are dismissed.

### B.     Count Six – Attorney's Fees

The Eleventh Circuit has held that a claim for attorney's fees under O.C.G.A. § 13-6-11 requires an underlying claim. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1316 (11th Cir. 2004). Count Six of Combs' Complaint seeks to recover attorney's fees from Snipes and Jackson. (Compl. ¶¶ 49-51). However, as previously discussed, the two substantive state law claims against these two defendants have been dismissed. Therefore, no claim exists to which this claim for attorney's fees can attach. As a result, Count Six is dismissed.[4]

### C.     Count Seven – Punitive Damages

In Georgia, punitive damages "may be awarded only in such tort actions in which it is

---

[3] In the alternative, should such a claim for tortious interference be theoretically permissible under the FTCA, it has already been established, by Plaintiff's own admission, that she has not and does not seek to file an action under that federal statute. (See Doc. # 17 at 4.) Therefore, Count Five would not be allowed to proceed under the FTCA, and would be dismissed.

[4] The Court notes, however, that Combs may still be able to recover attorney's fees in this action, should she eventually prevail on her remaining claims or should the Court find such an award otherwise appropriate. See, e.g., Woodruff v. McLane, 2006 WL 149056 (M.D. Ga. 2006).

proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences." O.C.G.A. § 51-12-5.1(b) (2000). Georgia courts construing this Code provision have consistently recognized that a claim for punitive damages is effective only if there is a valid claim for actual damages to which it could attach, and that punitive damages may not be recovered if there is not entitlement to compensatory damages. See, e.g., Nelson & Hill, P.A. v. Wood, 537 S.E.2d 670, 677 (Ga. Ct. App. 2000); S. Gen. Ins. Co. v. Holt, 416 S.E.2d 274, 276-77 (Ga. 1992). See also Bryne v. Nezhat, 261 F.3d 1075, 1093 n.34 (11th Cir. 2001) (noting that "a prayer for punitive damages is not an independent cause of action").

Count Seven of Combs' Complaint alleges Snipes and Jackson are liable for punitive damages because of their actions and conduct towards her. (Compl. ¶¶ 52-54). As the Court has already concluded that the substantive state law claims against Snipes and Jackson are preempted by Title VII and are no longer valid against these Defendants, Combs has not stated a valid claim for actual damages against them. Therefore, no claim exists to which a punitive damages claim can attach.[5] As a result, Count Seven is dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Potter's Motion (Doc. # 10) is granted. Specifically, Counts Four, Five, Six and Seven are dismissed with prejudice. As a result, because Combs has failed

---

[5] Furthermore, punitive damages are unavailable against a Government agency, therefore Combs will be unable to recover punitive damages against the USPS as well. See 42 U.S.C. § 1981a(b)(1).

to state a claim against them, Defendants Snipes and Jackson are dismissed. Combs' Title VII and Rehabilitation Act claims in Counts One, Two and Three against Potter in his official capacity remain.[6]

SO ORDERED, this the 15th day of May, 2006.

                                                    s/     Hugh Lawson

                                                    **HUGH LAWSON, JUDGE**

pdl

---

[6] The Court wishes to note, as the Eighth Circuit recognized in Mathis, that Combs is not deprived of having her discrimination claims carefully examined as the result of this Order. See Mathis, 243 F.3d at 451. Combs still has her Title VII and Rehabilitation Act claims against the USPS— arising from the same behavior alleged as supporting the state-law claims against Snipes and Jackson—to vindicate any rights that her supervisors may have violated. Id.